## A. D. GRIEFF & Co. *v.* STEAMBOAT D. S. STACY, CAPTAIN AND OWNERS—Rule on FRELLSEN & FERGUSON, sureties on the appeal bond.

The seizure of property by the Sheriff under a writ of *fieri facias*, and his subsequent carelessness or neglect by which the benefit of the seizure is lost to the seizing creditor, in consequence of the destruction of the property seized, furnishes no ground to the sureties on an appeal bond, to resist the payment of the judgment.

The Sheriff, in such a case, may, by his neglect, become responsible to the defendant whose property was lost by his neglect, or to the plaintiff whose debt he has jeopardized; but the sureties on the appeal bond would only be subrogated to the defendants' rights on payment of the judgment, and not until then could they exercise any right of action against the Sheriff.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Durant & Horner*, for plaintiffs.　*Wolfe & Singleton*, for appellants.

MERRICK, C. J.　The present proceeding is a rule taken upon *Frellsen & Ferguson*, the sureties on the appeal bond, to show cause why they should not pay the judgment heretofore affirmed by us in this case.

The defendants' counsel presents only questions of law on which he expects the reversal of the judgment of the lower court.

I. He contends that the lower court erred in dismissing the call in warranty against the Sheriff, on an exception filed by the Sheriff.

The allegations upon which the call in warranty is based, are that the steamboat *D. S. Stacy* was given up by the defendants to satisfy the writ of execu-

tion; that plaintiffs had a lien and privilege upon the boat; that it was suffi- <span style="float:right">GRIEFF<br>*v.*<br>SB'T STACY.</span>
cient to satisfy the plaintiffs' demand, but that through the negligence and
carelessness of the Sheriff, his deputies and agents, and his neglect to insure
the steamboat and his illegally postponing the sale, the steamboat was destoyed
by fire, and thereby the defendants in the rule discharged from the plaintiffs'
demand, but if not discharged, that the Sheriff *John M. Bell* be required to
hold them harmless, and that they have judgment over against said Sheriff.

The court did not err in sustaining the exception. Nothing short of *payment*
was a discharge of the judgment against the original defendants. The seizure
of property had not that effect. The sale of the property and the conversion
of its proceeds into money in the hands of the Sheriff, would be equivalent to
payment, and discharge the judgment, because the execution would be satisfied
by the receipt of the money by the Sheriff, an agent competent to receive the
payment. But the mere seizure of property can never produce the effect of
discharging the judgment, nor can the careless or wilful destruction of the pro-
perty seized by the Sheriff release the sureties, for the Sheriff is authorized to
return the writ satisfied, only when he has in his hands-gold and silver, or its
equivalent, to deliver the plaintiffs in pursuance of the commands of the writ.

The Sheriff by his negligent acts may become responsible to the original
parties; to the defendants whose property he has lost, or to the plaintiff whose
debt he has jeopardized; but the surety does not become subrogated to this
right (if at all) until he himself has paid the debt. The sureties therefore on
the appeal bond in the present suit, upon their own showing, had no immediate
cause of action against the Sheriff, and consequently the exception was properly
sustained.

II. The remaining question is raised by a bill of exception taken to the
opinion of the Judge of the lower court in refusing to admit testimony of wit-
nesses, to prove that the steamboat *D. S. Stacy* was destroyed by fire by reason
of the carelessness and negligence of the Sheriff and his employees, on the
ground that it contradicted the return of the Sheriff, and that it could not be
admitted as the Sheriff was not a party to the rule.

It is not necessary to consider the question whether a party or his surety
may contradict the return of a Sheriff, as it is apparent that if the testimony
had been received, it could not have changed the result.

We do not think the question, raised upon the call in warranty, entirely
frivolous, and the damages prayed for in the answer of the appellees are re-
fused.

Judgment affirmed.